Nos. 23-299, 23-302

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

───────────────────

IN RE: MARRIOTT INTERNATIONAL, INC.
CUSTOMER DATA SECURITY BREACH LITIGATION

───────────────────

On Petition For Permission To Appeal
from the United States District Court for the District of Maryland,
MDL No. 19-md-2879 (Bailey, J.)

───────────────────

## REPLY IN SUPPORT OF DEFENDANT ACCENTURE LLP'S PETITION FOR PERMISSION TO APPEAL UNDER RULE 23(f)

───────────────────

CRAIG S. PRIMIS, P.C.
DEVIN S. ANDERSON
EMILY M. LONG
JOSEPH C. SCHROEDER
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
devin.anderson@kirkland.com

*Counsel for Defendant-Petitioner Accenture LLP*

January 16, 2024

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................. 1

ARGUMENT .......................................................................................................... 2

I.     The District Court Erred By Certifying Classes With No Common Injury Subject To Class-wide Proof................................................. 2

II.    The Questions Presented Are Important And Resolving Them Now Will Simplify or Dispose of This Litigation. .................................................. 8

CONCLUSION ..................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Beck v. McDonald*,
   848 F.3d 262 (4th Cir. 2017) ...................................................................................3

*Ealy v. Pinkerton Gov't Servs., Inc.*,
   514 F. App'x 299 (4th Cir. 2013) (per curiam) .....................................................3

*EQT Prod. Co. v. Adair*,
   764 F.3d 347 (4th Cir. 2014) ...................................................................................8

*Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*,
   254 F.R.D. 68 (E.D.N.C. 2008) ...............................................................................8

*Gunnells v. Healthplan Servs., Inc.*,
   348 F.3d 417 (4th Cir. 2003) ...................................................................................5

*International Brotherhood of Teamsters v. United States*,
   431 U.S. 324 (1977) ..................................................................................................4

*Lienhart v. Dryvit, Sys., Inc.*,
   255 F.3d 138 (4th Cir. 2001) ...................................................................................8

*In re Marriott Int'l, Inc.*,
   78 F.4th 677 (4th Cir. 2023) .........................................................1, 2, 5, 6, 7, 8, 9

*Naparala v. Pella Corp.*,
   2016 WL 3125473 (D.S.C. June 3, 2016) ..............................................................8

*Russell v. Educational Commission for Foreign Medical Graduates*,
   15 F.4th 259 (3d Cir. 2021) ..................................................................................6, 7

*Tillman v. Highland Indus., Inc.*,
   2021 WL 4483035 (D.S.C. Sept. 30, 2021) ........................................................5, 6

*TransUnion LLC v. Ramirez*,
   594 U.S. 413 (2021) ..................................................................................................7

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016) ..................................................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
  564 U.S. 338 (2011) ...................................................................................3

*Windham v. Am. Brands, Inc.*,
  565 F.2d 59 (4th Cir. 1977) .......................................................................6

**Rules**

Rule 23 ...............................................................................................2, 4, 5, 6, 11

Rule 23(a) ............................................................................................................4

Rule 23(b)(3) ...............................................................................................3, 4, 6

Rule 23(c)(4) ...........................................................................................1, 2, 5, 6, 8, 10

Rule 23(f) .....................................................................................................1, 10

Rule 702 ............................................................................................................10

# INTRODUCTION

Plaintiffs' answer confirms the need for interlocutory review. Plaintiffs do not dispute that Accenture's petition raises important legal issues concerning the use of issue classes under Rule 23(c)(4) that this Court has yet to resolve, that have divided district courts in this Circuit, and that this Court expressly highlighted for the district court on remand. *See In re Marriott Int'l, Inc.*, 78 F.4th 677 (4th Cir. 2023). Plaintiffs also do not dispute that the district court undertook no analysis of these important procedural and constitutional questions, and instead recertified the issue classes in a single sentence. *See* ECF.1155.at.20. Nothing has changed to alter the Court's prior conclusion that these issues merited review under Rule 23(f).

Plaintiffs instead argue that review is "premature" because they intend to file a motion to certify different classes than those before this Court on this petition. *See* Answer.11-13. The Court can quickly dispose of this argument. Plaintiffs said the exact same thing last time around, and it posed no barrier to interlocutory review. Plaintiffs' various hypothetical scenarios pile speculation upon speculation—all in an effort to avoid scrutiny of the district court's serious and repeated errors in certifying issue classes that will not resolve liability or establish standing for a single class member. In truth, plaintiffs have no idea whether their forthcoming motion will impact the issue classes, and they could not know that at this juncture. What is certain is that this petition is the best opportunity for this Court to address the

recurring and pressing legal issues presented by the district court's adventuresome use of Rule 23(c)(4). Accenture's petition should be granted.

## ARGUMENT

I.  **The District Court Erred By Certifying Classes With No Common Injury Subject To Class-wide Proof.**

Plaintiffs' answer focuses largely on the separate class-waiver issues posed by Marriott's petition (which also merit review), and so gives short shrift to the Rule 23(c)(4) issue classes. In plaintiffs' telling, this Court previously "vacated and remanded solely for the District Court to consider the impact" of the class waiver provision. Answer.1. That is incorrect. After addressing and agreeing with Marriott's class-waiver arguments, this Court separately recognized Rule 23 concerns with the issue classes here and invited the district court to "reconsider [its] determination" as to superiority "on remand." *In re Marriott Int'l, Inc.*, 78 F.4th at 690. Similarly, the Court noted Accenture's argument that a class "in which injury and causation elements have been carved out of class proceedings … is inconsistent with Article III standing requirements." *Id.* at 689 n.7. The district court did not engage with any of these issues.

For many reasons, "carv[ing]" the "injury and causation elements … out of class proceedings," *id.*, commits manifest error. To start, the Supreme Court is unequivocal that "[c]ommonality requires the plaintiff to demonstrate that the class members have suffered the same injury," and that class representatives must

2

therefore "possess the same interest and suffer the same injury as the class members." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348-49 (2011); *see also Ealy v. Pinkerton Gov't Servs., Inc.*, 514 F. App'x 299, 304 (4th Cir. 2013) (per curiam) (class must have "a shared injury"). Plaintiffs assert that "all Class Members have a common cognizable injury" because "cyberthieves stole their data." Answer.25. But plaintiffs did not move to certify a class against Accenture (or Marriott) on the theory that every class member suffered a common harm injury merely because their data was stolen. And even if plaintiffs had not waived or abandoned this theory of class-wide injury, it was unavailable as a matter of law. This Court has already held that the "mere theft" of PII, "without more, cannot confer Article III standing." *Beck v. McDonald*, 848 F.3d 262, 275 (4th Cir. 2017).

Plaintiffs offered the district court one theory of class-wide injury relating to their negligence claims against Accenture: that their PII had some common "market value," and that "putative class members lost that value when hackers gained access to, and/or exported, PII from the NDS database." ECF.1014.at.32. The only evidence in support of this theory was an expert opinion that flunked *Daubert*, leading the district court to reject plaintiffs' only theory of common injury as to Accenture. ECF.1014.at.33. And without this lost-market-value-of-PII theory, the district court concluded that it could not certify a Rule 23(b)(3) damages class

3

against Accenture because there are "too many open questions as to individualization"—including "fact of injury, injury causation, etc." *Id.*

Plaintiffs' argument that "the Supreme Court … recognized that some class members may win while others may not have injury at all" badly misreads that Court's precedents. Answer.25. Neither case they cite says that a class action can proceed in the absence of a common injury uniting the class. *Tyson Foods, Inc. v. Bouaphakeo* considered only whether it was permissible for plaintiffs to use representative proof during the class trial to establish class-wide injury and liability. *See* 577 U.S. 442, 452-53 (2016). The class proceeding in *Tyson Foods* was capable of adjudicating—and did adjudicate—injury and causation as to the class. *See id.* at 451. *International Brotherhood of Teamsters v. United States* was an employment-discrimination case brought by the United States government and so says nothing about a consumer class action. 431 U.S. 324, 360-61 (1977). At no point in either case did the Supreme Court even hint that a district court could carve injury and causation—the very issues that go to a party's standing to be in court—out of a class proceeding.

Plaintiffs' failure to put forward a theory of common injury should have ended any effort to certify a class against Accenture, given Rule 23(a)'s commonality requirement. Plaintiffs cannot dispute that issue classes are permitted only where "all other necessary requirements of subsection (a) and (b) of Rule 23 are met."

4

*Gunnells v. Healthplan Servs., Inc.*, 348 F.3d 417, 441 (4th Cir. 2003). And yet once the district court disposed of plaintiffs' faulty lost-market-value-of-PII theory, the only source of injury that could affect class members was harms "related to identity fraud, time spent responding to the breach, and other out-of-pocket losses," ECF.1022-1.at.3—which are "concededly individualized," *In re Marriott Int'l*, 78 F.4th at 684. There is therefore no common injury uniting the proposed Rule 23(c)(4) classes against Accenture.

Plaintiffs' remaining arguments highlight the additional predominance and superiority problems posed by the no-injury issue classes certified here. Plaintiffs analogize this case to situations where courts have used issue classes to resolve "common issues of a defendant's liability for negligence," or "class-wide resolution of liability before determining individual class members' damages." Answer.28.&.30. In plaintiffs' view, "trying an important and costly issue like liability … justifies issue certification." *Id.* at 29. But the classes in this case do *not* resolve liability—that is precisely the problem. Plaintiffs conflate *fact of injury*—which must be susceptible to common proof to support certification under Rule 23—with the distinct issue of the *measure of damages*. *See, e.g.*, *Tillman v. Highland Indus., Inc.*, 2021 WL 4483035, at *12 (D.S.C. Sept. 30, 2021). "The fact of damage pertains to the existence of injury, as a predicate to liability; actual damages involve the quantum of injury and relate to the appropriate measure of individual relief." *Id.*

5

at *12; *see also Windham v. Am. Brands, Inc.*, 565 F.2d 59, 71 (4th Cir. 1977). The district court's finding that even "fact of injury" is individualized means that, unlike the cases they rely on, plaintiffs have failed to "support class certification … even as to liability" here. ECF.1014.at.33.

Plaintiffs also argue that trying two elements of liability across the class might at least avoid "repeat[ing]" those issues "seriatim in each individual trial." Answer.29. But the permissibility of an issue class cannot turn on whether the issue class reduces the number of elements to adjudicate—that will almost always be true. The Rule 23 superiority question is instead whether the class action materially advances the resolution of the action. As this Court put it, "the superiority component of Rule 23(b)(3) frequently comes into play to defeat issue certification," especially "where the remaining individualized issues will … require significant resources." *In re Marriott Int'l*, 78 F.4th at 689; *see also* Pet.15-16. That is true in this case, where individualized follow-on proceedings would be "[t]he functional equivalent of a full-blown trial on damages causation." ECF.1014.at.63. Whatever efficiencies plaintiffs might seek to gain would easily be "overwhelmed by the later evidence" of liability (causation, injury), and damages. *Tillman*, 2021 WL 4483035, at *19. Plaintiffs' citation to *Russell v. Educational Commission for Foreign Medical Graduates* proves the point—there, the court *denied* Rule 23(c)(4) issue class

6

certification, because the issue classes would not "substantially facilitate[] the resolution of the civil dispute." 15 F.4th 259, 270 (3d Cir. 2021).

Finally, plaintiffs have no response to the Article III problems created by the classes certified by the district court. Plaintiffs must establish standing for "[e]very class member," "each claim that they press," and "each form of relief that they seek." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). There is no standing here to seek a class-wide judgment that Accenture had a duty to class members or breached that duty. Precisely because injury "ha[s] been carved out" of the classes, *In re Marriot Int'l*, 78 F.4th at 689 n.7, the classes will never determine, up or down, whether class members have an injury in fact, Pet.17-19. Plaintiffs' assertion that an issue-class ruling could "have preclusive effect on the entire class" underscores this problem. Answer.29. The issue classes certified here cannot result in a preclusive effect on anything, because the district court has no Article III subject-matter jurisdiction to adjudicate them. By excluding injury and causation from the class action, the court has created an ultra vires proceeding wherein the court will render a binding determination as to the class in a proceeding that is incapable of determining whether that class has standing.

7

## II. The Questions Presented Are Important And Resolving Them Now Will Simplify or Dispose of This Litigation.

The district court's manifest errors alone support granting review. "The [C]ourt should grant the petition, notwithstanding the other factors, where a district court's certification decision is manifestly erroneous and virtually certain to be reversed on appeal." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014). But additional factors support granting the petition.

Review "will permit the resolution of [u]nsettled legal question[s] of general importance" requiring this Court's guidance. *Lienhart v. Dryvit, Sys., Inc.*, 255 F.3d 138, 144 (4th Cir. 2001). The exact same questions that this Court previously found worthy of 23(f) review remain unanswered. Plaintiffs do not dispute that district court judges in this Circuit have divided over whether element-by-element class certification (as opposed to simply certifying some causes of action, but not others) is permissible under Rule 23(c)(4). *Compare Farrar & Farrar Dairy, Inc. v. Miller-St. Nazianz, Inc.*, 254 F.R.D. 68, 77 (E.D.N.C. 2008) ("[T]he *Gunnells* court appeared to hold that a district court may certify individual causes of action, not individual issues, for class treatment.") *with Naparala v. Pella Corp.*, 2016 WL 3125473, at *13-14 (D.S.C. June 3, 2016) (discussing a "more permissive approach"). This Court itself recognized that it "has yet to rule directly on this issue," and which side of the split is correct is "not … free from doubt." *In re*

8

*Marriott Int'l*, 78 F.4th at 689. This petition presents important constitutional and Article III questions, too. *Id.* at 689 n.7.

In addition, the "nature and status of the litigation" also supports review. Plaintiffs rely on this factor almost exclusively. They claim that there is no need for review because plaintiffs will soon file a modified class certification motion that will seek to certify *different* classes than those at issue here, on *different* theories than those presented here. Answer.11-13. To state the argument is to refute it.

Plaintiffs made the same arguments last time—they asserted that the district court's "order was unsettled and subject to additional consideration and refinement" and that the district court had "left open the possibility of certifying a damages class against Accenture" in the future. *See* 4th.Cir.No.22-181.Dkt.16 at 3, 9. Yet this Court rightly viewed that argument as no obstacle to granting review. The only thing that has changed is the district court's remarkable failure to address this Court's guidance on remand, which supports review. And, to the extent that the Court may well already have good reasons to review other issues in this case (such as the important class-waiver issues presented in Marriott's separate petition, which also merit review and which also are not impacted by plaintiffs' forthcoming motion), then that consideration also merits reviewing these important issue-class disputes in the same appeal.

9

Plaintiffs' theory that their forthcoming motion to certify different classes will obviate this appeal is wish-casting. The district court may well reject plaintiffs' new motion, given its prior rulings rejecting plaintiffs' loss-of-value theory under Rule 702 and *Daubert*. Or the district court may grant plaintiffs' class motion, but keep the issue classes in place. Or the district court may take some other approach. What is certain is that the district court has certified issue classes, that those issues are manifestly erroneous, and that the district court's order is ripe for review. This petition presents the Court's best (and likely only) opportunity to address the significant Rule 23(c)(4) problems created by that order. Indeed, plaintiffs themselves represented to the district court that "[a]nything that the Fourth Circuit does will not have an impact" on whatever motion plaintiffs intend to file. 12/27/2023 Hr.'g Tr. at 11:23-12:14. Taking plaintiffs at their word, there is no connection between this petition and anything they may file in the district court, so there is no reason for this Court to postpone review.

The Court has "unfettered discretion" to allow an appeal from an order granting class certification based on "*any* consideration that [it] finds persuasive." Fed. R. Civ. P. 23(f), Adv.Comm.Note (emphasis added). The Court should exercise that discretion and grant review here. The district court's order commits numerous manifest errors despite this Court's guidance on remand. The order poses the same important legal questions that this Court has already decided merit review. And the

10

"nature and status of the litigation" remains the same in a crucial respect—if this Court does not grant review now, it may well never have an opportunity to review these classes at all. The Court should review this case, which remains an excellent vehicle to address important issues of Rule 23 and Article III.

## CONCLUSION

For these reasons, this Court should grant the petition.

Respectfully submitted,

/s/ *Devin S. Anderson*
CRAIG S. PRIMIS, P.C.
DEVIN S. ANDERSON
EMILY M. LONG
JOSEPH C. SCHROEDER
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 389-5000
devin.anderson@kirkland.com

*Counsel for Defendant-Petitioner Accenture LLP*

January 16, 2024

11

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 5(c)(1) because this brief contains 2427 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6), because it has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman type.

January 16, 2024

s/<i>Devin S. Anderson</i><br>
Devin S. Anderson

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit by using the CM/ECF system pursuant to Local Rule 25(a)(1)(A)(i). I further certify that copies were sent to the following via electronic mail:

Amy E. Keller
DICELLO LEVITT GUTZLER LLC
Ten North Dearborn Street, 6th Floor
Chicago, IL 60602
akeller@dicellolevitt.com

James J. Pizzirusso
HAUSFELD LLP
888 15th St. NW, Ste 300
Washington, DC 20006
jpizzirusso@hausfeld.com

Megan Jones
HAUSFELD LLP
600 Montgomery Street, Ste 3200
San Francisco, CA 94111
mjones@hausfeld.com

Andrew N. Friedman
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue, NW, Ste 500
Washington, DC 20005
afriedman@cohenmilstein.com

Norman E. Siegel
STUEVE SIEGEL HANSON LLP
460 Nichols Road, Ste 200
Kansas City, MO 64112
siegel@stuevesiegel.com

MaryBeth V. Gibson
THE FINLEY FIRM, P.C.
3535 Piedmont Rd, Bldg. 14, Ste 230
Atlanta, GA 30305
mgibson@thefinleyfirm.com

Ariana J. Tadler
TADLER LAW LLP
One Penn Plaza, 36th Floor
New York, NY 10119
atadler@tadlerlaw.com

Jason Lichtman
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
250 Hudson Street, 8th Floor
New York, NY 10013
jlichtman@lchb.com

Daniel Robinson
ROBINSON CALCAGNIE, INC.
19 Corporate Plaza Drive
Newport Beach, CA 92660
drobinson@robinsonfirm.com

| | |
|---|---|
| Timothy Maloney<br>Veronica Nannis<br>JOSEPH GREENWALK & LAAKE, P.A.<br>6404 Ivy Lane, Ste 400<br>Greenbelt, MD 20770<br>tmaloney@jgllaw.com | Daniel R. Warren<br>Lisa M. Ghannoum<br>Dante A. Marinucci<br>BAKER & HOSTETLER LLP<br>127 Public Square, Ste 200<br>Cleveland, OH 44114<br>dwarren@bakerlaw.com |
| Gary F. Lynch<br>CARLSON LYNCH LLP<br>1133 Penn Avenue, 5th Floor<br>Pittsburgh, PA 15222<br>glynch@carlsonlynch.com | Gilbert S. Keteltas<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Ave. NW, Ste 200<br>Washington, DC 20036<br>gketeltas@bakerlaw.com |
| James Ulwick<br>KRAMON & GRAHAM PA<br>1 South Street, Ste 2600<br>Baltimore, MD 21202<br>julwick@kg-law.com | Matthew S. Hellman<br>Lindsay C. Harrison<br>Zachary C. Schauf<br>Kevin J. Kennedy<br>JENNER & BLOCK LLP<br>1099 New York Avenue, NW, Ste 900<br>Washington, DC 20001<br>mhellman@jenner.com |

s/*Devin S. Anderson*
Devin S. Anderson